Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2149 | **DATE** | 4/4/2011 |
| **CASE TITLE** | Pierre Torres (#2010-1206141) v. Aramark, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current application to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint fails to state a valid claim and is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form, along with a copy of this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]                                                                Docketing to mail notices.

## STATEMENT

     Plaintiff, Pierre Torres (#2010-1206141), currently incarcerated at Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 against Aramark, Sheriff Tom Dart, and Executive Director Salvador Godinez. Plaintiff alleges that, on December 29, 2010, he was served a meal that contained rodent parts.
     Plaintiff's current application to proceed *in forma pauperis* ("IFP") is incomplete, as it does not include a copy of his jail trust fund account for a six-month period preceding his filing of this complaint. The issue of the filing fee must be resolved before this case can proceed forward.
     The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an IFP application, which allows the inmate to pay the filing fee in installments. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).
     Accordingly, the instant IFP motion is denied without prejudice to Plaintiff submitting one that includes a copy of his jail trust fund account statement. Failure to pay the filing fee or satisfy the IFP requirement within 30 days of the date of this order will result in summary dismissal of the case without prejudice. N.D. Ill. Local Rule. 3.3(e).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      Additionally, Plaintiff's complaint fails to state a valid claim. Although the incident described by Plaintiff is unfortunate, a single incident of finding a rodent in food does not indicate constitutionally deliberate indifference by the Defendants to support a 42 U.S.C. § 1983 action. *See George v. King*, 837 F.2d 705, 707 (7th Cir. 1988) (one incident of unintentional food poisoning does not violate the constitutional rights of affected inmates); *Jackson v. Lang*, No. 09 C 5123, 2010 WL 3210762, *1 (N.D. Ill. Aug. 10, 2010) (Bukclo, J.) (applying *George* to an incident where an inmate found part of a rodent in his food). The complaint is thus dismissed without prejudice. To proceed with this case, Plaintiff must submit an amended complaint (plus a judge's copy and a service copy for each Defendant) that states a valid claim.

      Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order may be construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice. His motion for the appointment of counsel is denied without prejudice. Such an appointment is not warranted at this time.